# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOUSSAINT ANTHONY,

                Petitioner,

v.

WARDEN MICHAEL MEISNER,

                Respondent.

Case No. 17-CV-231-JPS

**ORDER**

On February 21, 2017, Toussaint Anthony ("Anthony") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). Anthony has paid the $5.00 filing fee, and so the Court now turns to screening his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

After a jury trial in Milwaukee County Circuit Court in August 2012, Anthony was convicted of two counts of second degree sexual assault of a child, in violation of Wis. Stat. § 948.02, and two counts of soliciting a child for prostitution, in violation of Wis. Stat. § 948.08. Anthony was sentenced to concurrent terms as to each of the four counts; they amount to a total sentence of fifteen years of imprisonment followed by five years of supervised release. Anthony is currently confined to the Redgranite Correctional Institution in Redgranite, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the Court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The Court begins its Rule 4 review by examining the timeliness of Anthony's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). Here, it appears Anthony's petition is timely. According to the information provided in his petition, Anthony's conviction became final on September 13, 2016, which was ninety days after the Wisconsin Supreme Court denied Anthony's petition for review. *See* (Docket #1-2 at 10). The instant petition was filed just over five months later.

The Court continues its Rule 4 review by examining Anthony's petition

to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that the lone claim Anthony advances in his petition has been properly exhausted. His claim is that the sentencing court violated his Fourteenth Amendment due process rights and Fifth Amendment right against self-incrimination when "he was punished for going to trial." (Docket #1 at 6). Anthony argues that at his sentencing hearing, the trial judge "admonished [him] for having required the victims to testify [at trial]. The court indicated that Anthony had victimized the victims again by requiring them to testify in open court. These statements were made before the court

issued its sentence. The court failed to consider Anthony's right to trial." *Id.* at 6–7.

After sentencing, Anthony, through counsel, filed a motion for post-conviction relief asserting this argument and requesting modification of his sentence. (Docket #1-1 at 1–3). The trial court denied the motion. *Id.* He then appealed the judgment of conviction and the denial of his motion for post-conviction relief to the Wisconsin Court of Appeals, which affirmed the trial court in all respects. *Id.* at 5–9. Finally, Anthony sought review of the decision of the Court of Appeals in the Wisconsin Supreme Court, but that court denied the application for review. *Id.* at 10. Therefore, Anthony's claim appears to have been fully exhausted in state court.

The Court next reviews Anthony's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been properly exhausted, the Court is still barred from considering the claim if it has been procedurally defaulted. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, it appears that Anthony has not procedurally defaulted on his claims. From the decisions of the state courts appended to his petition, it appears that each level of the Wisconsin courts was presented with the claim Anthony advances here through his direct appeal and accompanying motion for post-conviction relief. (Docket #1-2 at 1–10). Nothing on the face of these

documents suggests that Anthony did not timely and properly present his claim to the state courts.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Anthony's petition. *Ray*, 700 F.3d at 996 n.1. Although it harbors significant reservations as to the potential merit of Anthony's claim, it does not plainly appear that it is frivolous or speculative. Thus, the Court will direct Respondent to file an answer to Anthony's petition.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

    a. The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60 days of service of petitioner's brief, or within 120 days from the date of this order if no brief is

> > filed by petitioner.
>
> > c. The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.
>
> 3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:
>
> > a. The petitioner shall have 30 days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.
>
> > b. The respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for Respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal

Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge